**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1692
_____

NASIM MIRZA BAIG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A075 815 019)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 5, 2022
_____

Before: CHAGARES, <u>Chief Judge</u>, SHWARTZ, <u>Circuit Judge</u>, and PRATTER, <u>District Judge</u>*

(Opinion filed: April 6, 2022)
_____

OPINION**
_____

---

*      Honorable Gene E. Pratter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**      This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Nasim Baig petitions this Court to review the denial of his application for a waiver of inadmissibility by the Board of Immigration Appeals ("BIA") and the Immigration Judge ("IJ"). Because we lack jurisdiction to consider the agency's denial of the discretionary waiver, we will dismiss the petition.

I.

We write solely for the benefit of the parties and will recite only the essential facts. Baig is a native and citizen of Pakistan. He came to the United States in 1998 and became a Lawful Permanent Resident ("LPR") in 2007. In 2019, the Department of Homeland Security charged Baig as removable due to his federal conviction for Access Device Fraud. Baig conceded removability and sought a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) in order to allow him to readjust to LPR status. The IJ found that Baig was statutorily eligible for the waiver of inadmissibility, but that he had not shown his qualifying family members would suffer extreme hardship upon his removal, as is required for the waiver. The IJ further concluded that even if Baig had shown the requisite hardship, he did not merit a favorable exercise of discretion. Baig appealed and the BIA affirmed. This timely petition for review followed.

II.[1]

The Attorney General "may, in his discretion" waive certain grounds of inadmissibility for a noncitizen who shows that the denial of admission "would result in

_____

[1] We generally have jurisdiction to review BIA decisions pursuant to 8 U.S.C. § 1252(a). Below we consider whether we have jurisdiction to consider this petition.

extreme hardship" to a "spouse, parent, son, or daughter" that is a United States citizen or LPR.  8 U.S.C. § 1182(h); (1)(B).

Courts of appeals are prohibited by statute from reviewing "any judgment regarding the granting of relief under § 1182(h)."  8 U.S.C. § 1252(a)(2)(B)(i).  Although we retain jurisdiction to review constitutional and legal questions, see 8 U.S.C. § 1252(a)(2)(D), no such questions are implicated here.  Baig argues that the IJ and BIA committed legal errors in their analyses of his application, but his arguments amount to disagreement with the agency's weighing of equities when considering hardship and discretion.  We do not have jurisdiction to consider these arguments.  See Ku v. Att'y Gen., 912 F.3d 133, 144 (3d Cir. 2019).

## III.

For the foregoing reasons, we will dismiss Baig's petition for review.